**STATE ex rel. Jose R. RODRIGUEZ, Relator,**

v.

**The Honorable Edward S. MARQUEZ, Respondent.**

No. 73385.

Court of Criminal Appeals of Texas, En Banc.

June 30, 1999.

Motion to Publish Opinion Granted Sept. 13, 1999.

Mark Davis, Judge Edward Marquez, El Paso, for appellant.

Cygne Nemir, Asst. Dist. Atty., El Paso, Matthew Paul, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

This is an original mandamus action brought by Jose Rodriguez ("Relator"),

the County Attorney of El Paso County, against retired District Judge Edward Marquez ("Respondent"). We conditionally grant mandamus relief.

Respondent is a retired former elected judge of the 65th District Court of El Paso County. He continues to sit by assignment made by the Presiding Judge of the Sixth Administrative Judicial Region.

The respondent was sitting in three bond forfeiture cases in the 65th District Court—cause numbers 95–2187, 95–2188 and 95–2193. The defendant surety objected to the respondent sitting in these cases. The respondent concluded the bond forfeiture cases are civil and signed orders removing himself from hearing these cases pursuant to V.T.C.A., Government Code, Section 74.053(b), which prohibits an assigned judge from hearing a civil case if "a party to [the] civil case files a timely objection to the assignment."

The relator claims a retired, assigned judge in a bond forfeiture case may not remove himself pursuant to the authority granted civil litigants in Section 74.053(b) because a bond forfeiture case is criminal. The relator maintains the respondent violated a ministerial duty by removing himself from the bond forfeiture cases under Section 74.053(b) and he has no adequate remedy but to seek mandamus relief from this Court directing the respondent to vacate his orders removing himself from these cases.

■ To obtain mandamus relief from this Court, a relator must show: (1) a "clear" right to relief usually when the judicial conduct in question violates a "ministerial" duty, and (2) no adequate remedy at law to redress the alleged harm. See *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Cr.App.1992). The relator meets the second prong of this required showing primarily because the State has no right to appeal in bond forfeiture cases. See Article 44.01(a), V.A.C.C.P., (not authorizing state to appeal in bond forfeiture cases); Article 44.42, V.A.C.C.P., (authorizing only the defendant a right to appeal in bond forfeiture cases); *State v. Sellers,* 790 S.W.2d 316, 321–22 (Tex.Cr.App.1990) (no provision in law authorizing state's appeal in bond forfeiture cases).

Prior decisions of this Court also hold bond forfeiture cases are criminal in nature so the respondent erred to remove himself from the bond forfeiture cases pursuant to Section 74.053(b). See *Sellers,* 790 S.W.2d at 321. This Court also has exercised its mandamus jurisdiction in a case involving a similar challenge to an assigned judge under V.T.C.A., Gov't Code, Section 74.053(d). See *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 587 (Tex.Cr.App.1993). Under our reasoning in *Lanford,* since Section 74.053(b) did not afford the defendant surety "a clear legal right" to have respondent remove himself from the bond forfeiture cases, then the relator is entitled to mandamus relief to have the respondent vacate his orders removing himself from these cases. Cf. *Lanford,* 847 S.W.2d at 588 (relator assigned judge entitled to mandamus relief because, among other things, respondent state had no "clear legal right" to remove relator under Section 74.053(d)).

As is our custom, we withhold issuance of the writ and accord respondent an opportunity to conform his actions to this opinion. Only if such action is not taken will the writ of mandamus issue.