NUMBER
13-02-00183-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                     


 

                       In re Marco Antonio G.
Rodriguez, Relator.

                                                                                
                                     

 

                     On
Relator=s Petition for Writ of
Mandamus.

                                                                                                                     


 

                                   O
P I N I O N

 

                     Before
Justices Hinojosa, Yañez, and Castillo

                                 Opinion by
Justice Hinojosa

 

Relator, Marco Antonio G.
Rodriguez, filed a petition for writ of mandamus requesting that this Court
compel respondent, the Honorable Robert Garza, presiding judge of the 138th
District Court of Cameron County, Texas, (1) to vacate his order denying relator=s motion for forensic
DNA testing and (2) appoint him counsel in accordance with article 64.01 of the
Texas Code of Criminal Procedure.  Without hearing oral argument, we
conditionally grant relator=s petition for writ of
mandamus.  See Tex. R. App. P. 52.8(c).

                                                A.  Background








Relator was convicted of murder
in the 138th District Court of Cameron County, Texas in Cause No.
99-CR-1044-B.  This Court affirmed[1]
relator=s conviction on June 21,
2001, the Texas Court of Criminal Appeals refused his petition for
discretionary review on November 26, 2001, and a mandate was issued on February
19, 2002.

On November 27, 2001, relator filed an AApplication for
Post-Conviction Forensic DNA Testing with Affidavit and Brief in Support/
Order/ Motions@ in the 138th District
Court.  Relator
attached a declaration of inability to pay costs to his motion.  Respondent denied the application without a
hearing on January 18, 2002.

The real party in
interest, the State of Texas, filed a response to relator=s petition for writ of
mandamus on May 8, 2002.  The State does
not deny that relator is indigent.  The State contends relator
has failed to show that this Court has jurisdiction to consider his petition
for writ of mandamus and that the trial court abused its discretion by denying
his motion for DNA testing, given the cumulative weight of the evidence against
him B that he was the only
person who shot the victim.

                            B. 
Requirements for Mandamus Relief








To be entitled to
mandamus relief, the relator must demonstrate (1)
that he has no other adequate remedy at law, and (2) that under the relevant
facts and law, the act sought to be compelled is purely ministerial.  State ex rel.
Hill v. Ct. of App. Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); Dickens v. Ct. of App. Second Dist.,
727 S.W.2d 542, 549-50 (Tex. Crim. App. 1987).  An act is ministerial if it does not involve
the exercise of any discretion.  Hill,
34 S.W.3d at 927; State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (op. on reh=g).  Additionally, the relator
must have a clear right to the relief sought. 
Hill, 34 S.W.3d at 927; State ex rel.
Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex. Crim.
App. 1999); Buntion v. Harmon, 827
S.W.2d 945, 947 n. 2 (Tex. Crim. App. 1992).  This means that the relief sought must be A>clear and indisputable= such that its merits
are >beyond dispute.=@  Hill, 34 S.W.3d at 927-28 (quoting State
ex rel. Wade v. Mays, 689 S. W.3d 893, 897 (Tex. Crim. App. 1985)). 
Under the ministerial act/clear legal right requirement, the law must
clearly spell out the duty to be performed with such certainty that nothing is
left to the exercise of discretion.  Hill,
34 S.W.3d at 928; Tex. Dep=t of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981).  Even a trial court=s ruling on a pure
question of law is not subject to writ review where the law in question is
unsettled or uncertain.  Hill, 34
S.W.3d at 928 n.4; Wade, 689 S.W.2d at 898-900.  The act must be positively commanded and so
plainly prescribed under the law as to be free from doubt.  Hill, 34 S.W.3d at 928; Buntion, 827 S.W.2d at 949.

                                                    C.  Analysis

The issue before us is
whether a convicting court may deny an indigent person=s request for
appointment of counsel to assist him in presenting a motion for DNA testing to
the court.

Chapter 64 of the code
of criminal procedure, which was enacted in 2001, created a procedure for
convicted persons to obtain DNA testing of evidence containing biological
material.  Tex. Code Crim. Proc. Ann. arts. 64.01-64.05 (Vernon Supp.
2002).   Article 64.01 (c) provides:








(c)              
A convicted
person is entitled to counsel during a proceeding under this chapter.  If a convicted person informs the convicting
court that the person wishes to submit a motion under this chapter and if the
court determines that the person is indigent, the court shall appoint counsel
for the person.  Compensation of counsel
is provided in the same manner as is required by:

 

(1)             
Article 11.071
for the representation of a petitioner convicted of a capital felony; and 

 

(2)             
Chapter 26 for
the representation in a habeas corpus hearing of an indigent defendant
convicted of a felony other than a capital felony.

 

Tex. Code
Crim. Proc. Ann. art. 64.01(c) (Vernon
Supp. 2002).

Under article
64.01(c), a convicted person is entitled to counsel in a proceeding for DNA
testing.  Conspicuously absent from
article 64.01(c) is any requirement of a prima facie case of entitlement
to DNA testing before the right to counsel attaches.  See id.  Under the statute, the only requirements for
appointment of counsel are a request for counsel and indigence.  Id.; Gray v. State, 69 S.W.3d
835, 837 (Tex. App.BWaco 2002, no pet. h.).  Once a convicted person meets those
requirements, appointment of counsel is mandatory.  See Gray, 69 S.W.3d at 837.  Therefore, we hold respondent had a
ministerial duty to appoint counsel for relator.

Accordingly, we
conditionally grant relator=s petition for writ of mandamus and direct
respondent (1) to vacate his January 18, 2002 order denying relator=s motion for post-conviction DNA testing, (2)
appoint counsel to represent relator in the chapter
64 proceeding, and (3) reconsider relator=s motion for post-conviction DNA testing after
counsel has been appointed.  We are
confident that the respondent will comply promptly.  The writ will issue only if that confidence
proves misplaced.

 

FEDERICO G. HINOJOSA

Justice

 

Publish.  Tex. R. App. P. 47.3.

Opinion delivered and filed this the

21st day of May, 2002.











[1]
Rodriguez v. State, No. 13-99-00718-CR, 2001
Tex. App. LEXIS 4176 (Corpus Christi June 21, 2001, pet. ref=d) (not designated for
publication).