# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00042-CR

**Thomas Jordan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
### NO. CR-2000-01746-A, HONORABLE JIM CROUCH, JUDGE PRESIDING

Appellant Thomas Jordan was convicted for assault involving family violence and placed on community supervision. *See* Tex. Pen. Code Ann. ' 22.01(a)(1) (West Supp. 2002). He now appeals from an order revoking supervision and imposing sentence of incarceration for 365 days. He raises several issues regarding the handling of his motion to recuse the trial judge and the manner by which the alleged violation of supervision was proved. We will affirm the revocation order.

### *Recusal*

Appellant filed a motion to recuse the trial judge, the Honorable Jim Crouch, on the morning the motion to revoke was scheduled to be heard. *See* Tex. R. Civ. P. 18a; *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (rule 18a applies in criminal cases). Judge Crouch declined to recuse himself and promptly referred the motion to the presiding judge of the administrative judicial district. *See* Tex. R. Civ. P. 18a(d). The presiding judge, in turn, assigned the Honorable David Garcia to hear the recusal motion. At the conclusion of the hearing, which was held that day, Judge

Garcia denied the motion on the ground that it did not substantially comply with the procedural requirements of rule 18a.

Under issue two, appellant argues that the presiding judge of the administrative district, by appointing Judge Garcia to hear the recusal motion, had determined that the motion was procedurally sufficient and that Judge Garcia was not authorized to reconsider that question. He cites no authority in support of this argument, which we find unpersuasive. The assignment of another judge to hear the recusal motion is an administrative duty. The order assigning Judge Garcia to hear appellant=s recusal motion did not recite that the motion was procedurally adequate or otherwise reflect that the presiding judge had considered the adequacy of the motion. It was appropriate that the judge assigned to hear and determine the merits of the motion would also decide, as a preliminary matter, whether the motion was procedurally sufficient. Issue two is without merit.

Next, appellant challenges Judge Garcia=s conclusion that the recusal motion did not comply with rule 18a. As grounds for recusal, the motion asserted that it was Judge Crouch=s policy Asince before Defendant was placed on probation in this case . . . not to consider [at revocation hearings] the full range of punishment prescribed by law,@ Ato disregard any mitigating or other evidence which may be presented in a Defendant=s favor,@ and to Apredetermine, prior to hearing, that all Defendants will be confined on revocation of their probation for a period of confinement substantially greater than the minimum allowed by law.@ The motion went on to state that appellant=s counsel Alearned [two days before the motion was filed] that Judge Crouch has tacitly admitted the foregoing allegations in

recently granting Motions to Recuse, based on exactly these grounds, filed by other Defendants who had Motions to Revoke pending before his Court.@

The recusal motion is subject to two interpretations. If appellant=s counsel was merely repeating allegations made in motions to recuse Judge Crouch filed in other cases, the motion was not based on personal knowledge as required by rule. *See id*. 18a(a) (recusal motion must be based on personal knowledge and must set forth supporting facts that would be admissible in evidence).[1] If, on the other hand, counsel had personal knowledge of Judge Crouch=s policies (but had learned only recently of the recusals), the motion could have been filed at least ten days before the date set for the revocation hearing and was therefore untimely. *See id*. (recusal motion must be filed at least ten days before date set for trial or other hearing); *see also Arnold*, 853 S.W.2d at 544-45 (defendant cannot complain of denial of untimely motion to recuse); *Martin v. State*, 876 S.W.2d 396, 397 (Tex. App.CFort Worth 1994) (rule 18a does not contemplate situation in which party cannot know basis of recusal until after motion for recusal is no longer timely). In either case, the motion did not comply with the procedural requisites of rule 18a and appellant=s assertion to the contrary in issue three is without merit.

Appellant further argues that Judge Garcia should have given him an opportunity to amend the motion to cure its defects. *See* Tex. R. Civ. P. 66. As appellant concedes, however, he never asked to amend. No error is shown by issue four.

---

[1] Judge Garcia specifically found this to be the case.

Appellant=s last contention regarding the recusal motion is that he was not given reasonable notice of the hearing, but his real complaint is that the hearing was held too soon. Appellant argues that had he been given advance notice of Judge Garcia=s assignment, he would have objected to the assignment pursuant to government code section 74.053. Tex. Gov=t Code Ann. ' 74.053 (West 1998) (objection to assigned judge). Section 74.053 does not apply in criminal cases. *Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 587 (Tex. Crim. App. 1993). He also asserts that Judge Garcia, because he had been assigned to try a case from which Judge Crouch had earlier recused himself, had personal knowledge of the facts alleged in appellant=s recusal motion and was therefore himself subject to recusal. This assertion is not supported by the record. Issue one does not present reversible error.

### *Revocation*

In his final issue, appellant urges that the evidence is legally insufficient to support the revocation of community supervision. The motion to revoke alleged that appellant violated the conditions of supervision by committing another assault. Appellant was tried and convicted for that assault in Denton County cause number 2001-03965-A, at a trial held one week before the revocation hearing. Both the trial and the revocation hearing were in the same court before the same judge. At the revocation hearing, the judge took judicial notice of the evidence introduced at the trial. *See Barrientez v. State*, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973). Appellant argues that the evidence introduced at the trial was insufficient to support the revocation of supervision. He further complains that the judicially noticed evidence does not appear in the instant record.

Appellant appealed his conviction in cause number 2001-03965-A, and that appeal is currently pending in this Court as our cause number 03-02-00041-CR.[2] When the criminal trial

_____

[2] We affirm the conviction in an opinion delivered today. *Jordan v. State*, No. 03-02-00041-CR (Tex. App.CAustin Sept. 19, 2002, no pet. hist.) (not designated for publication).

judicially noticed at a probation revocation hearing results in an appeal, and when the record in that appeal contains a reporter=s record reflecting the testimony judicially noticed, that record may be judicially noticed by the appellate court in the appeal from the revocation. *Bradley v. State*, 564 S.W.2d 727, 732 (Tex. Crim. App. 1978). So that there can be no question about the adequacy of the appellate record, we have instructed the Clerk to file in the instant cause the reporter=s record previously filed in cause number 03-02-00041-CR.[3]

---

[3] This Court routinely permits the filing of a single reporter=s record in companion appeals.

The evidence adduced at the trial of cause number 2001-03965-A is fully summarized in our opinion in cause number 03-02-00041-CR. That evidence is legally sufficient to prove by a preponderance of the evidence that appellant violated the conditions of community supervision by committing the offense of assault.[4] The trial court did not abuse its discretion by revoking supervision. Issue five is without merit.

The order revoking community supervision is affirmed.

 

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 19, 2002

Do Not Publish

---

[4] Appellant did not challenge the sufficiency of the evidence in his appeal from the assault conviction.