TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00042-CR







Thomas Jordan, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY


NO. CR-2000-01746-A, HONORABLE JIM CROUCH, JUDGE PRESIDING







Appellant Thomas Jordan was convicted for assault involving family violence and
placed on community supervision. See Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2002). 
He now appeals from an order revoking supervision and imposing sentence of incarceration for
365 days. He raises several issues regarding the handling of his motion to recuse the trial judge
and the manner by which the alleged violation of supervision was proved. We will affirm the
revocation order.



Recusal

Appellant filed a motion to recuse the trial judge, the Honorable Jim Crouch, on
the morning the motion to revoke was scheduled to be heard. See Tex. R. Civ. P. 18a; Arnold v.
State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (rule 18a applies in criminal cases). Judge
Crouch declined to recuse himself and promptly referred the motion to the presiding judge of the
administrative judicial district. See Tex. R. Civ. P. 18a(d). The presiding judge, in turn, assigned
the Honorable David Garcia to hear the recusal motion. At the conclusion of the hearing, which
was held that day, Judge Garcia denied the motion on the ground that it did not substantially
comply with the procedural requirements of rule 18a.

Under issue two, appellant argues that the presiding judge of the administrative
district, by appointing Judge Garcia to hear the recusal motion, had determined that the motion
was procedurally sufficient and that Judge Garcia was not authorized to reconsider that question. 
He cites no authority in support of this argument, which we find unpersuasive. The assignment
of another judge to hear the recusal motion is an administrative duty. The order assigning Judge
Garcia to hear appellant's recusal motion did not recite that the motion was procedurally adequate
or otherwise reflect that the presiding judge had considered the adequacy of the motion. It was
appropriate that the judge assigned to hear and determine the merits of the motion would also
decide, as a preliminary matter, whether the motion was procedurally sufficient. Issue two is
without merit.

Next, appellant challenges Judge Garcia's conclusion that the recusal motion did
not comply with rule 18a. As grounds for recusal, the motion asserted that it was Judge Crouch's
policy "since before Defendant was placed on probation in this case . . . not to consider [at
revocation hearings] the full range of punishment prescribed by law," "to disregard any mitigating
or other evidence which may be presented in a Defendant's favor," and to "predetermine, prior
to hearing, that all Defendants will be confined on revocation of their probation for a period of
confinement substantially greater than the minimum allowed by law." The motion went on to
state that appellant's counsel "learned [two days before the motion was filed] that Judge Crouch
has tacitly admitted the foregoing allegations in recently granting Motions to Recuse, based on
exactly these grounds, filed by other Defendants who had Motions to Revoke pending before his
Court."

The recusal motion is subject to two interpretations. If appellant's counsel was
merely repeating allegations made in motions to recuse Judge Crouch filed in other cases, the
motion was not based on personal knowledge as required by rule. See id. 18a(a) (recusal motion
must be based on personal knowledge and must set forth supporting facts that would be
admissible in evidence). (1) If, on the other hand, counsel had personal knowledge of Judge
Crouch's policies (but had learned only recently of the recusals), the motion could have been filed
at least ten days before the date set for the revocation hearing and was therefore untimely. See
id. (recusal motion must be filed at least ten days before date set for trial or other hearing); see
also Arnold, 853 S.W.2d at 544-45 (defendant cannot complain of denial of untimely motion to
recuse); Martin v. State, 876 S.W.2d 396, 397 (Tex. App.--Fort Worth 1994) (rule 18a does not
contemplate situation in which party cannot know basis of recusal until after motion for recusal
is no longer timely). In either case, the motion did not comply with the procedural requisites of
rule 18a and appellant's assertion to the contrary in issue three is without merit.

Appellant further argues that Judge Garcia should have given him an opportunity
to amend the motion to cure its defects. See Tex. R. Civ. P. 66. As appellant concedes, however,
he never asked to amend. No error is shown by issue four.

Appellant's last contention regarding the recusal motion is that he was not given
reasonable notice of the hearing, but his real complaint is that the hearing was held too soon. 
Appellant argues that had he been given advance notice of Judge Garcia's assignment, he would
have objected to the assignment pursuant to government code section 74.053. Tex. Gov't Code
Ann. § 74.053 (West 1998) (objection to assigned judge). Section 74.053 does not apply in
criminal cases. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999); Lanford v.
Fourteenth Court of Appeals, 847 S.W.2d 581, 587 (Tex. Crim. App. 1993). He also asserts that
Judge Garcia, because he had been assigned to try a case from which Judge Crouch had earlier
recused himself, had personal knowledge of the facts alleged in appellant's recusal motion and
was therefore himself subject to recusal. This assertion is not supported by the record. Issue one
does not present reversible error.



Revocation

In his final issue, appellant urges that the evidence is legally insufficient to support
the revocation of community supervision. The motion to revoke alleged that appellant violated
the conditions of supervision by committing another assault. Appellant was tried and convicted
for that assault in Denton County cause number 2001-03965-A, at a trial held one week before
the revocation hearing. Both the trial and the revocation hearing were in the same court before
the same judge. At the revocation hearing, the judge took judicial notice of the evidence
introduced at the trial. See Barrientez v. State, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973). 
Appellant argues that the evidence introduced at the trial was insufficient to support the
revocation of supervision. He further complains that the judicially noticed evidence does not
appear in the instant record.

Appellant appealed his conviction in cause number 2001-03965-A, and that appeal
is currently pending in this Court as our cause number 03-02-00041-CR. (2) When the criminal trial
judicially noticed at a probation revocation hearing results in an appeal, and when the record in
that appeal contains a reporter's record reflecting the testimony judicially noticed, that record may
be judicially noticed by the appellate court in the appeal from the revocation. Bradley v. State,
564 S.W.2d 727, 732 (Tex. Crim. App. 1978). So that there can be no question about the
adequacy of the appellate record, we have instructed the Clerk to file in the instant cause the
reporter's record previously filed in cause number 03-02-00041-CR. (3) 

The evidence adduced at the trial of cause number 2001-03965-A is fully
summarized in our opinion in cause number 03-02-00041-CR. That evidence is legally sufficient
to prove by a preponderance of the evidence that appellant violated the conditions of community
supervision by committing the offense of assault. (4) The trial court did not abuse its discretion by
revoking supervision. Issue five is without merit.

The order revoking community supervision is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 19, 2002

Do Not Publish
1. Judge Garcia specifically found this to be the case.
2. We affirm the conviction in an opinion delivered today. Jordan v. State, No. 03-02-00041-CR (Tex. App.--Austin Sept. 19, 2002, no pet. hist.) (not designated for publication). 
3. This Court routinely permits the filing of a single reporter's record in companion appeals.
4. Appellant did not challenge the sufficiency of the evidence in his appeal from the assault
conviction.