Opinion filed February 28, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed February 28, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00081-CR

                                                    __________

 

                       CLARENCE LEON MCDOWELL, SR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown County, Texas

                                                 Trial
Court Cause No. CR17442

 



 

                                                                   O
P I N I O N

 

Clarence Leon McDowell, Sr. entered an open plea
of guilty to the offense of possession with intent to deliver between 4 and 200
grams of methamphetamine.  Appellant also
pleaded true to the enhancement allegations. 
The trial court convicted appellant and assessed his punishment as a
habitual offender at confinement for life. 
We affirm.  








In his sole point of error on appeal, appellant
contends that he received ineffective assistance of counsel because his trial
counsel failed to object to his case being heard by a visiting judge.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 
In order to assess counsel=s
performance, we must make every effort to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from
counsel=s
perspective at the time.  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford
v. State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991). 

Appellant urged his contention in a motion for new
trial and presented his testimony in support at the hearing on the motion.  The record from the hearing shows that
appellant had written a letter to trial counsel instructing counsel to Amake sure that Judge Ellis heard@ his case.  On the day of the plea, a visiting judge was
sitting for Judge Ellis.  Trial counsel
did not object.  Appellant testified that
the visiting judge was Anot
familiar . . . with the stuff that goes on here@
and that Judge Ellis knew appellant and his background.  Appellant testified that he did not believe
he received a fair trial from the visiting judge and that he probably would
have been in a better position if Judge Ellis had heard his case.

We hold that appellant has not met either prong of
the Strickland test.  Appellant
had no right to have his case heard by a particular judge and, because this is
a criminal case, had no viable objection to the visiting judge under Tex. Gov=t Code Ann. '
74.053 (Vernon 2005).  If trial counsel
had objected, the visiting judge would have had no authority to remove himself
from the case.  See State ex rel.
Rodriguez v. Marquez, 4 S.W.3d 227 (Tex. Crim. App. 1999) (applying Section
74.053 and granting mandamus relief where visiting judge removed himself from
case that was criminal in nature); see also Strong v. State, 138 S.W.3d
546, 551-52 (Tex. App.CCorpus
Christi 2004, no pet.).  Moreover,
appellant has not shown a reasonable probability that the result would have
been different but for counsel=s
alleged error.  Appellant=s point of error is overruled. 

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

February 28, 2007                                                                               CHIEF
JUSTICE

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.