**Opinion issued May 14, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00885-CR**

**NO. 01-23-00886-CR**

_____

**IN RE NATHANIEL JONES III, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Nathaniel Jones III, proceeding pro se, has filed a petition for writ of mandamus asking that we order the Honorable Frank Aguilar to (1) recuse himself or refer the motion to recuse to the regional administrative judge for consideration of recusal of Judge Aguilar,[1] and (2) vacate the November 26, 2012 findings of fact

---

[1] The underlying cases are *State of Texas v. Nathaniel Jones III*, cause numbers 1267896B, 1267897B and *Ex Parte Nathaniel Jones, III*, cause number 1267896-A

and conclusions of law regarding the ineffective assistance of relator's trial and appellate counsel because they are not supported by sufficient evidence. We deny the petition.

## Background

On September 20, 2010, Jones was convicted of the offenses of murder and aggravated assault with a deadly weapon and having pled true to two enhancements was sentenced to 45 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. *See Jones v. State*, Nos. 01-10-00821-CR and 01-10-00822-CR, 2011 WL 4612655 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd) (mem. op.). A panel of this Court affirmed the convictions. *See id.* at *7. In this appeal, Jones's appellate counsel raised an issue about trial counsel's alleged conflict of interest and the Court addressed it, finding no reversible error.[2] *See id.* at *3.

---

and 1267897-A, pending in the 228th District Court of Harris County, Texas, the Honorable Judge Frank Aguilar, who was presiding in the underlying habeas cases, recused himself on September 9, 2020.

[2]     In this Court's opinion, we stated that when a criminal defendant raises a claim of ineffective assistance of counsel based on an alleged conflict of interest, the defendant must show "(1) that counsel 'actively represented conflicting interests'; and (2) counsel's performance at trial was 'adversely affected' by the conflict of interest." *Jones*, 2011 WL 4612655, at *3. The Court further stated that the mere possibility of a conflict is insufficient; the defendant must establish an actual conflict and that the conflict adversely affected the adequacy of representation. *See id.* The Court added that, when a criminal defendant "files a grievance or other legal proceeding against his court-appointed counsel, it does not necessarily give rise to an actual conflict of interest, even though the defendant and his counsel may be

According to the appendix, Jones filed post-conviction applications for writ of habeas corpus, which were returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(a). The State filed an answer, which is included in the appendix, and provided the trial court with proposed findings of fact and conclusions of law, which the trial court signed, recommending to the Court of Criminal Appeals that the applications be denied. Jones states that the Court of Criminal Appeals adopted the trial court's findings and denied the applications without an opinion, although that ruling is not included in the record.

Jones subsequently filed a motion to recuse the trial judge in the habeas cases. Claiming the trial court had failed to rule on this recusal motion, Jones filed a petition for writ of mandamus in this Court, asking that we order the trial judge to vacate his findings of fact and conclusions of law and either recuse himself or refer the matter to the regional administrative judge. *See In re Jones*, Nos. 01-20-00676-CR and 01-20-00677-CR, 2020 WL 6493994 (Tex. App.—Houston [1st Dist.] Nov. 5, 2020, orig. proceeding) (mem. op.)). The Court denied the petition, citing to Texas Rule

adversaries in other legal proceedings." *Id.* Finding that Jones relied only on the civil action he filed against his counsel and did not establish the existence of an actual conflict, this Court concluded that Jones did not establish an actual conflict of interest necessary to show ineffective assistance. *Id.* at *4. Because Jones had an adequate remedy at law, which he exercised, he is not entitled to mandamus relief for the same complaint.

of Appellate Procedure 52.7(a) which requires a relator to include with the petition a record containing documents material to the relief sought. *See id.* at *1.

Jones filed a second mandamus application, again seeking a ruling on his motion to recuse. *See In re Jones*, Nos. 01-20-00846-CR and 01-20-00847-CR, 2021 WL 5903922, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, orig. proceeding) (mem. op.). We denied the petition, citing to *In re Gomez*, 602 S.W.3d 71 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding), which stated that the party seeking mandamus relief has the burden to provide the court with a record sufficient to establish the right to mandamus relief. *See Jones*, 2021 WL 5903922, at *1.

Jones also attempted to appeal the trial court's alleged failure to rule on his motion to recuse. *See Jones v. State*, Nos. 01-21-00228-CR and 01-21-00229-CR, 2022 WL 4371519, at *1 (Tex. App.—Houston [1st Dist.] Sept. 22, 2022, no pet.) (mem. op.). The Court dismissed that appeal for lack of jurisdiction. *See id.* The clerk's record in these appeals, case numbers 01-21-00228-CR and 01-21-00229-CR, contains a copy of a motion to recuse filed in in the trial court on August 4, 2020, which was granted by the trial judge on September 9. 2020. The motion to recuse in the appendix to the current mandamus cases does not appear to be an exact duplicate of the one filed in 2020 and it contains no file stamp. Absent a file stamp

4

there is no proof it was filed in the trial court, but if it was, the certificate of service date is December 31, 2022.

## Issues

Jones first contends the trial court abused its discretion in failing to either recuse or refer the recusal motion to the presiding regional administrative judge. *See* TEX. R. CIV. P. 18(f). Jones also contends the trial court's findings and conclusions are not supported by the evidence as it concerns whether there was a conflict of interest between Jones and his trial counsel or whether appellate counsel rendered ineffective assistance.

## Standard of Review

In a criminal mandamus, a relator must show "(1) a 'clear' right to relief usually when the judicial conduct violates a 'ministerial' duty, and (2) no adequate remedy at law to redress the alleged harm." *See State ex rel. Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999). A trial court has a ministerial duty to rule upon a motion properly and timely presented to it for a ruling. *See Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009).

## Motion to Recuse

Relator argues that the trial court has failed to rule on his verified motion to recuse in violation of TEX. R. CIV. P. 18a(f), which requires the respondent judge to

5

either grant an order of recusal or refer the motion to the regional presiding judge. But the record indicates that the trial judge recused himself years ago.

The clerk's record from Jones's appeals in cases number 01-21-00228-CR and 01-21-00229-CR contain Jones's original motion to recuse filed in 2020. This motion to recuse contains a handwritten ruling by the trial judge on the bottom of the recusal motion, which grants the motion and contains a date of September 9, 2020. *See Jones*, 2022 WL 4371519, at *1. Thus, the trial court granted the motion to recuse and recused himself on September 9, 2020, the trial judge has not acted on any further motions in the habeas cases.

Because Jones received the relief he sought by his motions to recuse in 2020, there is no merit to his complaint that the trial judge has violated a ministerial duty to recuse or refer the motions filed in 2022.

**Ineffective Assistance of Counsel**

Jones also complains that the trial court's findings of fact and conclusions of law, signed on November 26, 2012, in relator's 11.07 habeas proceeding, were not supported by sufficient evidence. The State's proposed findings of fact and conclusions of law, which were signed by the trial judge, were forwarded to the Court of Criminal Appeals, which denied habeas relief without a written order. Because the Court of Criminal Appeals has ruled on Jones's habeas petition and reviewed the trial court's findings and conclusions, we have no authority to address

6

that ruling. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (dismissing for lack of jurisdiction McAfee's petition for writ of mandamus, concluding that "courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under TEX. CODE CRIM. PROC. ANN. art. 11.07."); *In re Morgan*, No. 02-16-00077-CV, 2016 WL 1237858 (Tex. App.—Fort Worth Mar. 28, 2016, orig. proceeding) (mem. op., not designated for publication) ("Even though his [11.07] application is no longer 'pending,' we believe that we do not have jurisdiction over relator's mandamus petition because he is challenging the trial court's express or implied rulings made during his prior 11.07 application."). Accordingly, we may not consider Jones's complaints about the trial court's findings and conclusions that were signed by the trial court and were part of the 11.07 application forwarded to the Court of Criminal Appeals.

## Conclusion

Because Jones has not established entitlement to mandamus relief, we deny the petition. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).