**Opinion issued October 8, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00885-CR

## NO. 01-23-00886-CR

———————————

## IN RE NATHANIEL JONES III, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

The Court issued an opinion on May 14, 2024, denying relator Nathaniel Jones's petitions for writ of mandamus. Jones filed a timely motion for rehearing. The Court denies the motion but, on its own motion, withdraws the opinion of May 14, 2024 and substitutes this opinion in its place.

Relator, Nathaniel Jones III, proceeding pro se, filed a petition for writ of mandamus in each trial court cause, asking that we order the Honorable Frank

Aguilar to (1) recuse himself or refer the motion to recuse to the regional administrative judge for consideration of recusal of Judge Aguilar,[1] and (2) vacate the November 26, 2012 findings of fact and conclusions of law regarding the alleged ineffective assistance of Jones's trial and appellate counsel because they are not supported by sufficient evidence.

We deny the petitions.

## Background

On September 20, 2010, Jones was convicted of the offenses of murder and aggravated assault with a deadly weapon and having pled true to two enhancements was sentenced to 45 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. *See Jones v. State*, Nos. 01-10-00821-CR and 01-10-00822-CR, 2011 WL 4612655 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd). (mem. op.). A panel of this Court affirmed the convictions. *See id.* at *7. In the appeal, Jones's appellate counsel raised an issue about trial counsel's alleged conflict of interest and the Court addressed it, finding no reversible error. *See id.* at *3–4.

---

[1] The underlying cases are *Ex Parte Nathaniel Jones, III*, cause numbers 1267896A and 1267897A, in the 228th District Court of Harris County, Texas. Although Jones names the Honorable Judge Frank Aguilar as the respondent in his petitions, Judge Aguilar was not the presiding judge when Jones filed his writs of habeas corpus in these cases or when the writs were forwarded to the Court of Criminal Appeals for consideration.

In 2012, Jones filed post-conviction applications for writ of habeas corpus, in trial court case numbers 1267896A and 1267897A, which were returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(a). The State filed an answer, which is included in the appendix. and provided the trial court with proposed findings of fact and conclusions of law, which the trial court signed. The trial court then transmitted the 11.07 writs to the Court of Criminal Appeals, whose website indicates that it received the writ on March 25, 2013 and denied them on May 8, 2013 without a hearing or written order. Once the Court of Criminal Appeals denied relief, the habeas proceeding became final.

In his petition, Jones indicates that he filed motions to recuse in the two trial court causes, 1267896A and 1267897A, on March 14, 2023, approximately ten years after the Court of Criminal Appeals' final disposition of his applications for habeas relief.

## Issues

Jones first contends the trial court abused its discretion in failing to either recuse or refer the recusal motion to the presiding regional administrative judge. *See* TEX. R. CIV. P. 18a(f). Jones also contends the trial court's findings and conclusions are not supported by the evidence as it concerns whether there was a conflict of interest between Jones and his trial counsel or whether appellate counsel rendered ineffective assistance.

## Standard of Review

In a criminal mandamus, a relator must show "(1) a 'clear' right to relief usually when the judicial conduct violates a 'ministerial' duty, and (2) no adequate remedy at law to redress the alleged harm." *See State ex rel. Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999). "[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling." *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009).

## Motion to Recuse

Jones first argues that the respondent, the Honorable Frank Aguilar, failed to rule on his verified motions to recuse in violation of TEX. R. CIV. P. 18a(f) which requires the respondent judge to either grant an order of recusal or refer the motion to the regional presiding judge. We find no merit to Jones's argument.

The Rules of Civil Procedure concerning recusal of judges apply in criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Rule 18a provides that a motion to recuse "must not be filed after the tenth day before the date set for trial or other hearing, unless, before that day, the movant neither knew nor reasonably should have known: (i) that the judge whose recusal is sought would preside at the trial or hearing; or (ii) that the ground stated in the motion existed." TEX. R. CIV. P. 18a(b)(1)(B). This rule does not permit the filing of a motion to

recuse after a judgment has become final. *See Kennedy v. State*, No. 12-16-00098-CR, 2016 WL 2766071, at *1 (Tex. App.—Tyler May 11, 2016, no pet.).

A trial court does not sign a final judgment in an 11.07 writ. In an 11.07 application for writ of habeas corpus. Rather, the writ is returnable to the Court of Criminal Appeals, which "may deny relief upon the findings and conclusions of the hearing judge without docketing the case or may direct that the cause be docketed and heard as though originally presented to said court or as an appeal." *See* TEX. CODE CRIM. PROC. art. 11.07, §5. In this case, the Court of Criminal Appeals denied Jones's 11.07 writs without a hearing in 2013, and such denial constituted the final order on Jones's applications for writ of habeas corpus.

Because Rule 18a does not permit the filing of a motion to recuse after a judgment becomes final, and here, Jones did not file his motion to recuse until approximately December 2022,[2] almost ten years after the Court of Criminal Appeals denied his writs, the motions were untimely and Jones is unable to establish a violation of a ministerial duty to rule on this motions.

---

[2] The copy of Jones's motions to recuse in the underlying trial court causes contain no file stamp. However, within the motions, appellant stated that he filed them on December 31, 2022.

5

## Findings of Fact and Conclusions of Law

Jones also complains that the trial court's findings of fact and conclusions of law, signed on November 26, 2012, in Jones's 11.07 habeas proceedings, were not supported by sufficient evidence.

We first find that Jones is barred from raising this complaint. Mandamus is not an equitable remedy, but "its issuance is largely controlled by equitable principles." *In re Palmer*, No. 01-05-00087-CR, 2005 WL 375317, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, orig. proceeding) (mem. op.) (citing *In re Little*, 988 S.W.2d 287, 289 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding)). "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Little*, 998 S.W.2d at 289–90. The trial court signed and forwarded its findings and conclusions to the Court of Criminal Appeals eleven years ago and thus, mandamus as to these findings and conclusions is barred by laches. *See Palmer*, 2005 WL 375317, at *1.

Moreover, because the Court of Criminal Appeals has ruled on Jones's 11.07 writs and reviewed the trial court's findings and conclusions, we have no authority to address that ruling. *See In re Morgan*, No. 02-16-00077-CV, 2016 WL 1237858 at *1 (Tex. App.—Fort Worth Mar. 28, 2016, orig. proceeding) (mem. op.) ("Even though his [11.07] application is no longer 'pending,' we believe that we do not have jurisdiction over relator's mandamus petition because he is challenging the trial

6

court's express or implied rulings made during his prior 11.07 application."). Accordingly, we may not consider Jones's complaints about the trial court's findings and conclusions that were signed by the trial court and were part of the 11.07 applications forwarded to and ruled on by the Court of Criminal Appeals.

**Conflict of Interest and Ineffective Assistance**

Jones next complains about his trial counsel's conflict of interest and ineffective assistance, but these same complaints were previously raised in his appeal from his convictions. *See Jones v. State*, Nos. 01-10-00821-CV and 01-10-00822-CR, 2011 WL 4612655, at *3 (Tex. App.—Houston [1st Dist.] Mar. 7, 2012, pet. ref'd). In this Court's opinion in *Jones v. State*, we stated that when a criminal defendant raises a claim of ineffective assistance of counsel based on an alleged conflict of interest, the defendant must show "(1) that counsel 'actively represented conflicting interests; and (2) counsel's performance at trial was 'adversely affected' by the conflict of interest." *Id.* The Court further stated that the mere possibility of a conflict is insufficient; the defendant must establish an actual conflict and that the conflict adversely affected the adequacy of representation. *See id.* The Court added that, when a criminal defendant "files a grievance or other legal proceeding against his court-appointed counsel, it does not necessarily give rise to an actual conflict of interest, even though the defendant and his counsel may be adversaries in other legal proceedings." *Id.* Finding that Jones relied only on the civil action he filed against

his counsel and did not establish the existence of an actual conflict, this Court concluded that Jones had not established an actual conflict of interest necessary to show ineffective assistance. *Id.* at *3–4.

Because Jones raised this complaint in his appeal, he had an adequate remedy at law, which he exercised, and he is not entitled to mandamus relief now for the same complaint. *See In re Henderson*, No. 13-15-00365-CR, 2015 WL 5158391, at *1 (Tex. App.—Corpus Christi-Edinburgh Sept. 2, 2015, orig. proceeding).

Jones also complains that his appellate counsel, who was appointed by the trial court on September 20, 2010, provided ineffective assistance because counsel did not file a motion for new trial. Again, Jones had an adequate remedy at law for any complaint about his appellate counsel's alleged ineffectiveness by filing a complaint about counsel in his petition for discretionary review. Because Jones had an adequate remedy at law for this complaint, he has not established his right to mandamus relief concerning the effectiveness of appellate counsel's representation. *See id.*

### Conclusion

Because Jones has not established entitlement to mandamus relief, we deny the petition. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

### PER CURIAM

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish.  TEX. R. APP. P. 47.2(b).