NO. 07-04-0374-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 5, 2006



______________________________




MONTY SCOTT PHIPPS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A14271-0112; HONORABLE ED SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pursuant to a plea bargain for burglary of a building, appellant Monty Scott Phipps
was granted deferred adjudication and placed on community supervision for five years.
Following a hearing on the State's motion to proceed with an adjudication of guilt and pleas
of true to three of five allegations, the court found appellant had violated conditions of
community supervision, adjudicated him guilty, and assessed punishment at two years
confinement and a $1,000 fine. Presenting five issues, (1) appellant questions whether (1) the
trial court erred in failing to refer a motion to recuse to another judge for consideration; (2)
the trial court erred in failing to consider or rule on his motion to recuse; (3) his right to due
process was violated where the court had a bias against him based on a prior incident with
his father which affected sentencing; (4) the court erred in refusing to consider all the
evidence before sentencing where the court refused to contact the community supervision
officer to obtain his opinion on appellant's progress; and (5) the trial court erred in not
setting a hearing on a motion for new trial that was accompanied by affidavits which
established reasonable grounds to believe the allegations in the motion were true. We
affirm.

 Appellant was granted deferred adjudication in 2001, and in 2002, an agreed order
was entered approving the transfer of his community supervision from Hale County to
McLennan County. In November 2003, appellant was arrested in McLennan County for
driving while intoxicated. After the Hale County Community Supervision Office was notified
of the arrest, the State filed a motion to proceed with an adjudication of guilt.

 At the hearing on the motion to adjudicate, appellant pled true to some of the
allegations raised by the State and evidence was presented on other allegations to which
he pled not true. Two McLennan County Officers testified about the new arrest and
appellant's Hale County Community Supervision Officer testified in support of other
allegations presented by the State. After the State rested, defense counsel invited the trial
court to telephone Mike McPhee, appellant's community supervision officer in McLennan
County, who was unavailable for the proceeding, and visit with him regarding appellant's
progress for the prior year and a half. The court responded, "all right," and asked defense
counsel to call its first witness. Appellant was the only witness for the defense and admitted
violating certain conditions of community supervision. 

 Based on the evidence and pleas of true, the court adjudicated appellant guilty and
proceeded to the sentencing phase. The State reurged its evidence from the adjudication
portion of the trial and, when defense counsel was asked if he had any punishment
evidence to present, the following occurred:

 [Defense counsel]: I think that I've pretty much argued that. The only other
thing that I would ask the Court is if he would just consider, before making a
ruling on punishment, a conversation with Mr. McPhee.

 Court: I can't do that at this time, counsel. It's ten minutes until six. I have a
feeling Mr. McPhee would not be available even if I tried.


Both parties then rested on punishment and the court asked appellant if he had any legal
reason why sentence should not be pronounced. Appellant responded, "[n]o," and the court
remanded him into custody and set an appeal bond. The proceedings concluded without
appellant lodging any objections. 

 Appellant filed a motion for new trial supported by affidavits. Among other
allegations, he suggested error by the trial court in refusing to conduct a separate
punishment hearing to present mitigating evidence and due process violations based in part
on the trial court's bias against him due to a prior relationship between the trial court and
his father.

 We will address appellant's issues in a logical rather than sequential order. By
issues three and four, appellant maintains his right to due process was violated where the
court had a bias against him based on a prior incident with his father which affected
sentencing, and the court erred in refusing to consider all the evidence before sentencing
where the court refused to contact the McLennan County Community Supervision Officer
to obtain his opinion on appellant's progress. We disagree.

 After an adjudication of guilt, the trial court must give a defendant an opportunity to
present evidence in mitigation of punishment. Issa v. State, 826 S.W.2d 159, 161
(Tex.Cr.App. 1992). When the trial court asked the defense if it had any punishment
evidence to present, counsel urged the trial court to telephone McPhee. When the trial
court declined to do so, appellant did not object. Furthermore, when asked by the trial
court, he gave no reason why sentence should not be pronounced. 

 Although article 42.12, section 5(b) of the Texas Code of Criminal Procedure permits
an appeal from assessment of punishment after an adjudication of guilt, it is still necessary
to preserve the complaint for appellate review. See Tex. R. App. P. 33.1(a)(1)(A). See also
Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999). By issues three and four,
appellant raises error in the punishment phase of the proceedings. The record
demonstrates he was given an opportunity to present punishment evidence, and that is all
that is required. See Pearson v. State, 994 S.W.2d 176, 179 (Tex.Cr.App. 1999) (en banc). 
Appellant's failure to object to the trial court's refusal to contact McPhee in McLennan
County waives his complaint for appellate review. Issues three and four are overruled.

 By his first and second issues, appellant contends the trial court erred in failing to
refer a motion to recuse to another judge for consideration and in failing to consider or rule
on the motion to recuse. (2) We disagree. Recusals in criminal cases are governed by Rule
18a of the Texas Rules of Civil Procedure. See De Leon v. Aguilar, 127 S.W.3d 1, 5
(Tex.Cr.App. 2004). See also Arnold v. State, 853 S.W.2d 543, 544 (Tex.Cr.App. 1993) (en
banc). Rule 18a(a) provides that at least ten days prior to a trial date or other hearing, a
party may file a motion stating the ground why a judge should not sit on a case.

 The criminal law has developed to allow a criminal trial judge to make an initial
determination on whether the motion conforms with the mandatory requirements of Rule
18a. Arnold, 853 S.W.2d at 544-45. A trial judge's obligation to recuse or refer the motion
does not come into play until a formal, timely written and verified motion is filed. Spigener
v. Wallis, 80 S.W.3d 174, 180 (Tex.App.-Waco 2002, no pet.). 

 The hearing on the State's motion to adjudicate was held on April 19, 2004, and
appellant filed his recusal motion on May 19, 2004, the same date he filed his motion for
new trial. He alleged the trial judge could not objectively rule on his motion for new trial. 
The motion to recuse was supported by an affidavit from appellant's father providing
reasons for potential bias by the trial judge. According to the affidavit, appellant's father
was terminated in 1993, when the trial judge was in private practice and represented
appellant's father's employer. As a result of the termination, legal proceedings followed. 
During a hearing in 1994, appellant's father observed Judge Self prying into the father's
brief case and confronted him about it. Harsh words were exchanged and appellant's father
told Judge Self "he would regret the day he ever messed with [his] family." 

 Appellant's father also averred that he expressed concern about Judge Self to
appellant's attorneys prior to the adjudication hearing, but a strategic decision was made
not to file a motion to recuse out of fear it would aggravate any bias. He concluded that in
hindsight the motion to recuse caused Judge Self to impose the maximum sentence.

 Appellant concedes that timeliness of his motion to recuse is at issue. However,
relying on George v. State, 20 S.W.3d 130 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd),
he argues his motion was timely because it was directed at a hearing on the motion for new
trial. The State urges that the motion to recuse should have been filed at least ten days
prior to the adjudication hearing and that failure to do so waived any complaint of the denial
of an opportunity to have the motion heard by another judge. See Arnold, 853 S.W.2d at
544-45. See also DeBlanc v. State, 799 S.W.2d 701, 705 (Tex.Cr.App. 1990) (en banc). 

 In George, the defendant urged on appeal that the trial judge erred in presiding over
the motion for new trial hearing because the judge's conduct during trial was the central
issue to be decided. Id. at 136. No motion to recuse, however, was filed. The court of
appeals suggested that a motion to recuse directed at the motion for new trial hearing could
have attempted to foreclose the possibility of having a biased judge rule on the motion for
new trial. Id. 138-39. 

 George, however, is distinguishable. The judge who presided over a jury trial left to
attend a judicial conference before the jury returned a verdict. Another judge was asked
to receive the verdict. After the jury indicated it was deadlocked, the judge instructed them
to continue deliberating. Meanwhile, a plea agreement was being negotiated. Allegations
were made that during plea discussions with the judge, the judge threatened, intimidated,
and coerced a guilty plea from defendant. The grounds for possible recusal were not
known until after trial. See generally Martin v. State, 876 S.W.2d 396, 397 (Tex.App.-Fort
Worth 1994, no pet.) (noting that the ten-day requirement is not absolute and does not
contemplate a situation in which a party cannot know the grounds for recusal until after the
motion would no longer be timely). In the underlying case, the alleged reasons for recusal
were known more than ten days prior to the hearing on the motion to adjudicate. We
decline to apply George to the facts presented here. We conclude Judge Self's inaction on
the motion was not error. See Bruno v. State, 916 S.W.2d 4, 8 (Tex.App.-Houston [1st
Dist.] 1995, no pet.). Issues one and two are overruled.

 By his final issue, appellant contends the trial court erred in not setting a hearing on
his motion for new trial that was accompanied by affidavits that established reasonable
grounds to believe the allegations in the motion were true. We disagree. A defendant is
entitled to a hearing on a motion for new trial if the motion and accompanying affidavits
raise matters not determinable from the record upon which the defendant could be entitled
to relief. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Cr.App. 2003) (en banc). 
Additionally, the defendant must present the motion to the trial court. Rozell v. State, 176
S.W.3d 228, __ (Tex.Cr.App. 2005). 

 The record demonstrates the motion was timely presented to the trial court. See
Tex. R. App. P. 21.6. By his motion for new trial and accompanying affidavits, appellant
presented the following grounds for relief:


 he was sentenced without being given an opportunity to present
punishment evidence;
 the trial court erred in refusing to contact his community supervision
officer in McLennan County;
 the court erred in refusing to allow him to present evidence on the
prosecutor's recommendation;
 the judgment and sentence were contrary to law; and
 his due process rights were violated because the trial court's decision
was based in part on a prior relationship with his father.



 As previously discussed, appellant was given an opportunity to present evidence in
mitigation of punishment and failed to object when the trial court imposed sentence, thereby
waiving any complaint regarding sentencing. Additionally, the judgment and sentence were
not contrary to law. Article 42.12, section 5(b) of the Code of Criminal Procedure denies
a defendant the right to appeal a trial court's decision to adjudicate guilt. Finally, appellant's
argument that the trial judge's bias violated his due process rights was disposed of in his
issues complaining of the trial court's refusal to recuse or refer the motion to recuse. We
conclude there were no issues raised in the motion for new trial that were not already
determinable from the record. Issue five is overruled. 

 Accordingly, the trial court's judgment is affirmed.

 Don H. Reavis

 Justice


 

Do not publish.
1. Appellant presents five issues in the table of contents and body of the brief;
however, he only presents four issues in the "issues presented" portion of the brief and the
State only responds to four issues. We will address all five issues.
2. Although appellant filed a "motion to disqualify," the substance of the document is
a request for recusal based on bias. Cf. Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon
Supp. 2005).



/
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 color:black;}
p.FreeForm, li.FreeForm, div.FreeForm
 {mso-style-name:"Free Form";
 mso-style-update:auto;
 mso-style-unhide:no;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-bidi-font-family:"Times New Roman";
 color:black;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-fareast-font-family:"\30D2\30E9\30AE\30CE\89D2\30B4 Pro W3";
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 color:black;}
p.Quick1, li.Quick1, div.Quick1
 {mso-style-name:"Quick 1\.";
 mso-style-priority:99;
 mso-style-unhide:no;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:1.0in;
 margin-bottom:.0001pt;
 text-indent:-.5in;
 mso-pagination:none;
 mso-list:l0 level1 lfo1;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("07-11-0129.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-11-0129.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-11-0129.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-11-0129.cr%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:.9in 1.0in .8in 1.0in;
 mso-header-margin:.9in;
 mso-footer-margin:.8in;
 mso-title-page:yes;
 mso-even-header:url("07-11-0129.cr%20opinion_files/header.htm") eh1;
 mso-header:url("07-11-0129.cr%20opinion_files/header.htm") h1;
 mso-even-footer:url("07-11-0129.cr%20opinion_files/header.htm") ef1;
 mso-footer:url("07-11-0129.cr%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
 /* List Definitions */
 @list l0
 {mso-list-id:1;
 mso-list-type:simple;
 mso-list-template-ids:0;}
@list l0:level1
 {mso-level-style-link:"Quick 1\.";
 mso-level-tab-stop:1.0in;
 mso-level-number-position:left;
 margin-left:0in;
 text-indent:0in;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
@list l0:level1 lfo1
 {mso-level-start-at:141841792;}
@list l0:level1 lfo1
 {mso-level-numbering:continue;
 mso-level-tab-stop:none;
 mso-level-number-position:left;
 margin-left:0in;
 text-indent:0in;}
ol
 {margin-bottom:0in;}
ul
 {margin-bottom:0in;}
-->








NO. 07-11-0129-CR

                                                              


                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                              AUGUST
16, 2011

                                            ______________________________

 

                                                           HIPOLITO
ALVAREZ,

 

                                                                                                                        Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                                        Appellee

_______________________________

 

                        FROM
THE 181st DISTRICT COURT OF POTTER COUNTY;

 

                                  NO.
58,169-B; HON. JOHN BOARD, PRESIDING

                                           _______________________________

                                                                              

                                                   ABATEMENT
AND REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Hipolito
Alvarez, appellant, appeals his conviction for sexual abuse of a child.  Appellant timely perfected his appeal. The
clerks record was filed on May 10, 2011, and the reporters record on June 24,
2011.  Appellants brief was due on July
25, 2011.  The brief was not filed by
that date and on August 2, 2011, the court notified counsel that she had until
August 12, 2011, to either file appellants brief or file an extension
motion.  To date, neither a brief nor an
extension motion has been received by the court.

Those convicted of criminal acts are
entitled to effective assistance of counsel on appeal.  The failure of counsel to timely prosecute an
appeal falls short of rendering such assistance.  Consequently, we abate the appeal and remand
the cause to the 181st District Court of Potter County (trial court) for
further proceedings.  Upon remand, the
trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine 1) whether appellant desires to
prosecute this appeal, 2) whether appellant is indigent and entitled to
appointed counsel, and 3) whether appellants current attorney was appointed or
retained.  The trial court is ordered to
execute pertinent findings of fact on these matters.  Should it be found that appellant desires to
pursue the appeal, is indigent, and his current legal counsel was appointed,
then the trial court is ordered to remove appellants current legal counsel and
appoint another to zealously represent appellants interest on appeal.   The name, address, phone number, telefax number, and state bar number of the new attorney
must also be included in the court's findings of fact and conclusions of
law.  Lastly, the trial court shall also
cause to be developed 1) a supplemental clerk's record containing the findings
of fact and conclusions of law and 2) a reporter's record transcribing the
evidence and argument presented at the aforementioned hearing.  The foregoing supplemental clerk's and
reporters records must be filed by the trial court with the clerk of this
court on or before September 15, 2011. 
Should additional time be needed to perform these tasks, the trial court
may request same on or before September 15, 2011.

It is so ordered.

                                                                                    Per
Curiam

Do
not publish.