NUMBER 13-99-595-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


EULOGIO GARZA, JR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Chavez, Rodriguez, and Kennedy(1)


Opinion by Justice Kennedy






 Appellant pleaded nolo contendere to possession of a controlled
substance (cocaine). He was found guilty and was sentenced to ten
years' confinement. Subsequently, he was granted "shock probation"
and was placed on community supervision for ten years.

 Approximately three and one-half years later the trial court heard
a motion to revoke appellant's community supervision, and appellant
was then sentenced to confinement for five years.

 By his only point of error, appellant complains of the trial court
denying his motion to recuse himself from hearing the motion to revoke. 
There is no written motion to recuse in the record. The only such
motion is an unverified motion to transfer the motion to revoke to
another court. The question of recusal is not mentioned in the motion.

 Rule 18a of the Texas Rules of Civil Procedure requires that a
motion to recuse or disqualify a judge be verified. This failure is ground
for the trial court to deny appellant the opportunity to have the motion
heard by another judge. Arnold v. State, 853 S.W.2d 543, 544-45 (Tex.
Crim. App. 1993).

 The motion to transfer states that:

 A condition of his probated sentence was the reporting "to
the probation officer . . . when, where and in the manner as
may hereafter be ordered by the court through the probation
officer." A careful review of the court's file reflects no other
court orders concerning the manner of reporting to a
probation officer. (Omission in the original)


The motion further alleges that appellant intends to call the sitting judge
of the 138th District Court (the judge who heard and ruled on the motion
to revoke as well as the motion to transfer) as a witness at the hearing
on the motion to revoke. The apparent purpose for calling the judge as
a witness is to confirm the allegation that the judge "made no other
court orders concerning the manner of reporting to a probation officer."

 Appellant argues further in his brief that he and the judge had a
"personal verbal confrontation" before the court considered the merits
of the motion to revoke. The apparent reference is to the record as
follows:

 THE COURT: You want me to recuse myself, and have
somebody else ­ I will have somebody else
hear the motion to recuse if you have a
reason, or have filed a proper motion, but
this motion is not proper before the court. 
So the motion is denied.


 MR. GARCIA: Then, if I am to proceed, Your Honor, I need
to ask the court to come down as my
witness.


 THE COURT: I am here; I am not going to go anywhere. 
I don't know what you want to ask me ­
what you're going to ask me.


 MR. GARCIA: I already indicated to the court, what I
would ask the court.


 THE COURT: Mr. Garcia? What I am trying to do ­ if I
was a witness, a key witness on something
­ I don't know what you're asking me ­ but
if you're asking me whether I gave this
probation report to the probation
department ­


 MR. GARCIA: No, Your Honor. That is not the issue.


 THE COURT: ­ or whether I told the probation department
to do something? All I do is I give them
probation, you got a ­ you can get a
transcript of that information that I gave to
Mr. Garza, and then, we signed these
orders. And that is all that is done. And
you can take it for what it's worth. If you
don't think it's enough, you can argue that
point on appeal.


 MR. GARCIA: Then I would like some time to get a writ of
mandamus.


 THE COURT: I'm not going to give you a writ of
mandamus. For what?


 MR. GARCIA: Because the court refuses to recuse itself,
and refuses to be a witness.


 THE COURT: I am not recusing myself and you are not
asking me to recuse myself. You are saying,
that I am going to be a witness.


 MR. GARCIA: You're going to be a witness, and the court
cannot be a witness, and also a judge at the
same time.


 THE COURT: You are using me as a ploy, Mr. Garcia. I
am going to deny your request.


 MR. GARCIA: No, I am not.


 THE COURT: It will be denied. You want to file your writ,
go ahead and proceed. But we're going to
proceed on the MTR matter.


 MR. GARCIA: May I have time to file a writ of mandamus?


 THE COURT: No, sir. 


 MR. GARCIA: Alright. We're ready to proceed based upon
your denial.


 THE COURT: That's right. Let's proceed Mr. Hinley.


This is presented for the apparent purpose of providing further
argument why the judge should have recused himself. In our opinion,
this exchange demonstrates no bias or hostility on the part of the judge.

 The motion to transfer does not comport with rule 18a and is not
valid. We AFFIRM the judgment of the trial court. 

 NOAH KENNEDY

 Retired Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 10th day of August, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).