Opinion filed May 4, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 4, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00067-CR 

                                                     __________

 

                      ROBERT
R. WIGHTMAN-CERVANTES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 204th District Court

 

                                                          Dallas
County, Texas

 

                                             Trial
Court Cause No. 03-01282-GR

 



 

                                                                   O
P I N I O N

 








This appeal arises from charges filed against
Robert R. Wightman-Cervantes in the 204th District Court of Dallas County for
the felony offense of falsely holding oneself out as a lawyer.  See Tex.
Pen. Code Ann. '
38.122 (Vernon 2003).  The State
subsequently reduced the charge to the misdemeanor offense of unauthorized
practice of law pursuant to the terms of a plea agreement.  See Tex.
Pen. Code Ann. '
38.123 (Vernon 2003).  Upon appellant=s plea of Anolo
contendere,@ the
trial court sentenced him to the agreed sentence of confinement for fourteen
days in the county jail. Appellant raises two issues on appeal concerning the
trial court=s rulings
on matters raised by written motion filed and ruled on before trial.  See Tex.
R. App. P. 25.2(a)(2)(A).  We
affirm.[1]

                                                               Procedural
History

Appellant=s
complaints on appeal deal with the issue of recusal.  On December 3, 2003, appellant filed his
initial motion seeking the recusal of the Honorable Judge Mark Nancarrow,
presiding judge of the 204th District Court.[2]  It appears that the Honorable Judge John
Ovard, the presiding judge for the First Administrative Judicial Region,
initially assigned the Honorable Judge Pat McDowell to consider this motion to
recuse Judge Nancarrow.  Appellant then
filed a motion on December 8, 2003, seeking the disqualification of Judge
McDowell from considering the motion to recuse Judge Nancarrow.  Judge Ovard subsequently assigned himself to
hear the motions to recuse Judge Nancarrow and Judge McDowell.  Judge Ovard expressly noted that he assigned
himself to consider the recusal motions in his capacity as the presiding judge
of the First Administrative Judicial Region.

Appellant filed a motion to recuse Judge Ovard on
December 22, 2003, which Judge Ovard summarily denied.  Judge Ovard also denied the motion to recuse
Judge Nancarrow after conducting a hearing on the matter.  Judge Ovard declined to rule on the motion to
recuse Judge McDowell based upon his determination that the motion was moot.[3]

                                                                 Issues
on Appeal

Appellant asserts in his first issue that Judge
Ovard lacked authority to rule on the motion to recuse himself.  He contends that another judge should have
been assigned to consider the motion to recuse Judge Ovard. Appellant=s second issue is related to his first
issue.  He contends that, since Judge
Ovard Awas
subject to disqualification, any orders he entered concerning Judge Nancarrow=s recusal are improper.  Therefore, [appellant=s]
motion to recuse Judge Nancarrow has never been properly heard.@








                                                                        Analysis

The procedures set out in Tex. R. Civ. P. 18a for the recusal of judges apply in
criminal cases.  De Leon v. Aguilar,
127 S.W.3d 1, 5 (Tex. Crim. App. 2004); Arnold v. State, 853 S.W.2d 543,
544 (Tex. Crim. App. 1993).  Rule 18a(c)
provides that, whenever a motion to recuse is filed, the judge must either
recuse himself or request the presiding judge of the administrative judicial
region to assign a judge to hear such motion. 
See also Tex. Gov=t Code Ann. '
74.059(c)(3) (Vernon 2005).  The critical
issue in this appeal is whether Judge Ovard was required to comply with the
requirements of Rule 18a(c) in dealing with the motion to disqualify himself.  We conclude that he was not required to
comply with Rule 18a(c)=s
requirements.  

The State argues that Rule 18a(c) is inapplicable
to the motion to recuse Judge Ovard by virtue of his status as the presiding
judge of the administrative judicial region. 
While this question concerning the construction of the rule is
intriguing,[4]
we do not need to address it in order to resolve appellant=s contentions.  The Court of Criminal Appeals held in De
Leon that a judge who is the subject of a motion to recuse does not have an
absolute duty to comply with the requirements of Rule 18a(c) if the motion to
recuse is not timely filed.  127 S.W.3d
at 5.  Rule 18a(a) provides that a motion
to recuse must be filed at least ten days before the date set for trial or
other hearing.  Appellant expressly
acknowledged in his motion to recuse Judge Ovard that he filed the motion less
than ten days prior to the hearing on the motions to recuse Judge Nancarrow and
Judge McDowell.  Accordingly, Judge Ovard
was permitted to make an initial determination as to whether the recusal motion
conformed with the requirements for recusal motions.  See Id. at 5;  Arnold, 853 S.W.2d at 544-45.

Appellant sought Judge Ovard=s recusal based upon the allegation
that Judge Ovard had an ex parte communication with the Honorable Judge Mark
Tolle regarding Judge Tolle=s
anticipated testimony on the motion to recuse Judge McDowell.  Appellant alleged as follows in his motion to
recuse Judge Ovard:








On
December 18, 2003, witness Mark Tolle who has personal knowledge of Pat
McDowell=s
backdoor deals to manipulate judicial results called [appellant] and informed
[appellant] that he was going to ask Judge Ovard, who will be presiding over
the Motion to Recuse Judge McDowell, to grant his motion to Quash his subpoena.

 

He also alleged:  AOn the morning of December [appellant]
Mark Tolle will not appear for the hearing because he has been assured the
Motion to Quash will be granted.  Witness
Tolle=s ex
parte hearing with Judge Ovard has tainted the process and denied [appellant]
the testimony of a key witness.@
Appellant further asserted:  AJudge Ovard=s
ex parte was a violation of the rules of Judicial Conduct and should now form
the basis of his recusal in this matter.@  Thus, the only ground which appellant
asserted with respect to the recusal of Judge Ovard dealt with his
consideration of the motion to recuse Judge McDowell.  The recusal of Judge McDowell became a moot
point, however, because Judge Ovard heard the motion to recuse Judge Nancarrow
after appellant filed the motion to recuse Judge McDowell.  We conclude that Judge Ovard did not err in
summarily denying the motion to recuse himself because the only ground asserted
for recusal dealt with his impartiality to consider a moot motion which neither
he nor any other judge ever decided.  

Moveover, Rule 18a(a) requires that a motion to
recuse Ashall be
verified@ and Ashall be made on personal knowledge and
shall set forth such facts as would be admissible in evidence provided that
facts may be stated upon information and belief if the grounds of such belief
are specifically stated.@  Appellant attached a Averification@ to his motion to recuse Judge Ovard
which stated in relevant part as follows: 
A[T]he
allegations contained therein are within [appellant=s]
personal knowledge and/or based on information or belief as stated in the
Motion, and are true and correct, unless clearly identified as hearsay.@ 
However, the motion itself does not Astate@ that any alleged fact in it is based
on Ainformation or belief.@ 
The motion also does not identify any statement of fact as hearsay.   As a result of these omissions and the
equivocal nature of the verification, appellant=s
motion to recuse Judge Ovard does not satisfy the requirements of Rule
18a(a).  We note that the Dallas Court of
Appeals reached the same result in reviewing a similarly worded motion and
verification filed by appellant.  See
In re Wightman-Cervantes, No. 05-04-00851-CV, 2004 WL 1463107 (Tex. App.CDallas June 30, 2004, orig. proceeding)(mem.
op.).








In summary, Judge Ovard did not err in denying the
motion to recuse himself because the motion only dealt with his authority to
consider a moot matter and did not comply with the requirements of Rule
18a(a).  Appellant=s
first issue is overruled.  Our ruling on
appellant=s first
issue is dispositive of his second issue. 
Judge Ovard=s denial
of the motion to recuse himself did not affect his authority to decide the
initial motion to recuse Judge Nancarrow. 
Accordingly, appellant=s
second issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May 4, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]On January 24, 2006, the Texas Supreme Court
transferred this case from the Court of Appeals for the Fifth District of Texas
to this court in an order entered as Misc. Docket No. 06-9023.





[2]Appellant subsequently filed several additional motions
seeking Judge Nancarrow=s recusal.





[3]Judge McDowell was assigned for the limited purpose of
hearing the motion to recuse Judge Nancarrow. 
The motion to recuse Judge McDowell became moot when Judge Ovard heard
the motion to recuse Judge Nancarrow.  





[4]If one assumes that Rule 18a(c) is applicable to the
motion to recuse Judge Ovard, the express terms of the rule would require him
as the presiding judge of the administrative judicial region to assign a fellow
judge to hear the motion to recuse even though he is the subject of the recusal
motion.