In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-169 CR


 ______________________


 

WILLIAM ROY KIMBALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-02-01485 CR






MEMORANDUM OPINION


 A jury convicted William Roy Kimball of driving while intoxicated and sentenced him
to ten years of confinement. The trial court suspended the sentence, placed him on
community supervision for ten years, and assessed a fine of $10,000. As a condition of
community supervision, the trial court ordered that Kimball attend and complete a court-supervised substance abuse program. Kimball participated in four phases of the program. 
The State filed a motion to revoke community supervision. 

 Kimball filed a "Motion to Disqualify" (1) the trial judge, alleging that in the course of
the trial judge's supervision of Kimball's participation in the substance abuse program, a
personality conflict developed between Kimball and the trial judge. Kimball alleged the trial
judge could not "be a fair and impartial jurist in the Motion to Revoke Community
Supervision hearing." The motion to recuse was heard and denied by another judge. 

 At a hearing on the State's motion to revoke community supervision, Kimball pled
"not true" to the eight alleged violations. After presentation of evidence, the trial court found
seven of the counts to be true. The court revoked community supervision and assessed a ten
year sentence. In two issues, Kimball argues the motion to recuse should have been granted
because the trial judge was biased against Kimball, and the bias stemmed from an
extrajudicial source. 

 We review the denial of a motion to recuse for an abuse of discretion. Tex. R. Civ.
P. 18a(f). See Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that
rule 18a applies in criminal cases). Bias is a ground for recusal when it is of such a nature
and extent as to deny the defendant due process of law. Kemp v. State, 846 S.W.2d 289, 305
(Tex. Crim. App. 1992). The alleged bias "'must stem from an extrajudicial source and
result in an opinion on the merits on some basis other than what the judge learned from his
participation in the case.'" Id. at 306 (quoting United States v. Grinnell Corp., 384 U.S. 563,
583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). A judge's opinions generally do not constitute
a basis for a recusal motion unless they display a deep-seated antagonism or favoritism that
would make a fair judgment impossible. See Ludlow v. DeBerry, 959 S.W.2d 265, 271 (Tex.
App. - Houston [14th Dist.] 1997, no pet.) (citing Liteky v. United States, 510 U.S. 540,
555,114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). 

 The record does not support the claim of bias here. Kimball argues the trial judge
displayed "a high degree of antagonism" toward Kimball during his participation in the
substance abuse program. Kimball complains about comments the trial judge made in the
course of the judge's supervision of Kimball in the substance abuse program. The comments
he cites were statements concerning participation in the program. Kimball was ordered to
complete the substance abuse program as a condition of his community supervision. 
Determining compliance with a condition for community supervision is not "extrajudicial." 
We see no abuse of discretion in denying the recusal motion. Appellant's two issues are
overruled. The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Opinion Submitted March 2, 2007

Delivered on May 23, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. See Tex. R. Civ. P. 18b(1), (2); see also Arnold v. State, 853 S.W.2d 543, 544 (Tex.
Crim. App. 1993) (holding that the civil procedure rules on the recusal or disqualification of
judges applies in criminal cases).