**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00093-CR**

_____

**JAMES RYAN ROSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-12-12875 CR**

**MEMORANDUM OPINION**

Appellant James Ryan Ross appeals his conviction for burglary of a habitation, for which he received a sentence of twenty years in prison after pleading guilty to the trial court without the benefit of a plea bargain agreement. On appeal, Ross contends the trial court violated his constitutional right to an impartial finder of fact. We conclude the record does not support Ross's claimed constitutional violation and we affirm the trial court's judgment.

Ross waived his right to indictment and to trial by jury and entered a guilty plea to burglary of a habitation as a second degree felony. *See* Tex. Penal Code Ann. § 30.02(a), (c)(2) (West 2011); *see also* Tex. Code Crim. Proc. Ann. arts. 1.13, 26.13 (West Supp. 2014), art. 1.141 (West 2005). After the trial court accepted Ross's guilty plea, defense counsel called Ross to the stand for the limited purpose of making a record of Ross's rejection of a plea bargain offer of three years of confinement. The trial court admonished Ross of the range of punishment for the charged offense, warned that, at that moment, he knew none of the facts of the case but, when it was time to decide Ross's sentence the court would not be obliged to follow either party's recommendation on punishment, and asked Ross to consider that he could possibly receive the maximum sentence if he rejected the plea bargain offer and persisted in his open plea.

The rejected plea bargain offer was never mentioned the following month during the sentencing hearing. The trial court heard testimony from the arresting officer, two victims of the burglary, a county probation officer, Ross's mother, and Ross. The trial court mentioned information contained in the presentence investigation report, none of which related to a rejected plea bargain offer.

Ross did not file a motion to recuse or raise his appellate issue in the trial court. Generally, the failure to make a timely motion to recuse waives an appellate complaint concerning a right to have another judge decide the case. *See Arnold v.*

2

*State*, 853 S.W.2d 543, 544-45 (Tex. Crim. App. 1993). On appeal, Ross cites *Blue v. State* for the proposition that his right to be punished by an impartial tribunal is an absolute requirement. 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). In *Blue*, the Court of Criminal Appeals addressed the appellant's complaint that the trial court's comment to the venire—that the defendant was considering entering into a plea agreement and that the judge would have preferred that he plead guilty—tainted the presumption of innocence. *Id.* at 132. As a plurality decision based upon disparate rationales, *Blue* has no precedential authority. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). *Blue* is also distinguishable on its facts, as it involved a trial court's prejudicial comments to the venire, not the admission of evidence without objection in a guilty plea proceeding. *See Blue*, 41 S.W.3d at 132.

"[A]bsolute requirements and prohibitions, like rights which are waivable only, are to be observed even without partisan request." *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Thus, the violation of an absolute requirement may be raised for the first time on appeal. *Id.* The Sixth Amendment right to an impartial factfinder is not an absolute requirement immune from waiver. *See State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008). But, the Due Process Clause of the Fourteenth Amendment "requires a 'fair trial in a fair

3

tribunal . . . before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (quoting *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)). Therefore, we examine the record to determine whether Ross's complaint rises to the level of the due process violation recognized in cases such as *Berger v. United States*, an espionage case where the trial judge stated that German-Americans are "reeking with disloyalty." 255 U.S. 22, 28, 36 (1921) (internal quotations omitted).

Information the trial court properly and necessarily obtains in the course of the proceedings ordinarily will not supply grounds for recusal for bias or prejudice, much less for disqualifying the judge from further participation in the case. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). Partiality that will give rise to a claim for recusal refers only to favoritism that is wrongful or inappropriate. *Id.* at 552. To establish a disqualifying bias the record must show "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555.

This record does not support Ross's claim that the trial court considered the rejected plea bargain offer when he determined an appropriate sentence for Ross. On appeal, Ross argues that, as plea bargain negotiations, the evidence of the plea bargain offer was inadmissible. *See* Tex. R. Evid. 410. But, the rejected plea bargain offer was not offered as punishment evidence. Defense counsel offered the evidence for the limited purpose of making a record that the plea bargain offer had

been communicated to the defendant and voluntarily rejected by him. *See generally Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). We disagree with Ross's argument that the trial court's admonishments to the defendant when the trial court accepted the guilty plea demonstrates that the trial court considered the evidence when it decided punishment the following month. The evidence was offered for a limited purpose, to show that the defendant's guilty plea was voluntarily made. When evidence is offered for a limited purpose, we presume the factfinder considered the evidence only for that purpose. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Nothing in the record indicates that the trial court considered the plea bargain negotiations for an improper purpose. We overrule the sole issue presented in this appeal and we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 3, 2014
Opinion Delivered October 8, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

5