**Affirmed and Majority and Concurring Opinions filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00373-CR

---

### AARON GONZALES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1429774**

---

## C O N C U R R I N G   O P I N I O N

Courts bear a special responsibility to speak clearly and precisely. That means choosing the right words to say what is permitted and what is not. Today the court muddles the distinction when discussing whether a presiding trial judge may become a fact witness in the trial.

At the time of appellant's trial, Texas Rule of Evidence 605, entitled "Judge's Competency as a Witness," provided that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order

to preserve the point."[1] The majority characterizes the judge's conduct (in-court statements about the lunchroom episodes) as occurring "in a proceeding *prior to the trial on the merits, outside the presence of the entire jury panel.*"[2] The record shows (and both sides agree) the conduct occurred *during trial* (after jury selection and before opening statements) and in the presence of at least two jurors.

The *during-trial* status of the judge's conduct is a crucial threshold determination to the Rule 605 analysis because if the conduct did not occur during trial (as the majority concludes), then Rule 605 would not apply. In other words, if the majority were correct in its characterization of the incidents as pretrial conduct, then there would be no need to address the applicability of Rule 605 or to decline to apply the rule's express prohibition on judicial testimony to the judge's conduct in today's case.

The threshold determination depends on facts the majority says (incorrectly) are not present, yet the majority does not say the absence of these facts is the reason for today's pronouncement. Instead, the majority suggests that the ruling might turn on the content of the judge's statements, though the court cites no authority for that proposition.

In *Hammond v. State*, the Court of Criminal Appeals held that Rule 605 "forbids the presiding judge of a criminal trial from testifying as a witness during the *course* of that trial."[3] The *Hammond* defendant escaped from custody after the jury had returned a "guilty" verdict, but before the punishment phase.[4] After

---

[1] Tex. R. Evid. 605 (West 2014) (repealed 2015). Rule 605 was revised and restyled effective April 1, 2015. *See* Misc. Docket No. 14-9232 (Tex. Nov. 19, 2014). Rule 605 currently provides: "[t]he presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue." Tex. R. Evid. 605.

[2] *See ante* at 8 n.1 (emphasis added). *See also ante* at 2 ("prior to trial on the merits").

[3] 799 S.W.2d 741, 746 (Tex. Crim. App. 1990) (emphasis added).

[4] *Id.*

learning that the defendant had the names and addresses of the jurors, the trial judge developed concerns for the jurors' safety[5] and asked the clerk to telephone the jurors and advise them of the defendant's escape.[6] The defendant later argued that the trial judge became a fact witness through the clerk's communications with the jurors.[7] Though the *Hammond* court held that the trial court's action did not constitute testimony during the course of trial in violation of Rule 605, the high court indicated that a trial judge's statements from the bench, under certain circumstances, could constitute trial testimony by the judge as a witness, in violation of Rule 605.[8]

The majority says that it is "ill-advised" for a trial judge to become a fact witness in a proceeding.[9] The word choice suggests that engaging in that type of conduct is merely unwise or imprudent when Rule 605 seems to facially prohibit it.[10] The lack of clarity leaves the boundaries murky. In analyzing whether the trial judge violated Rule 605 by testifying during the course of trial, the *Hammond* court stated that courts should determine whether the judge made one or more statements of fact that were (1) essential to the exercise of some judicial function or (2) the functional equivalent of witness testimony.[11] The majority does not address these factors or apply them to the trial judge's statements concerning the lunchroom episodes.

Because the majority acknowledges the text of Rule 605 prohibiting judicial

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *See id.*

[9] *See ante* at 8.

[10] *See* Tex. R. Evid. 605.

[11] *Hammond*, 799 S.W.2d at 746.

testimony yet concludes that the rule did not bar the trial judge's statements, the analysis in footnote 1 might leave readers wondering the reason for the exception. Is it because the majority believes the statements did not occur *during trial*? Is the court defining "during trial" in a new way for purposes of Rule 605? Perhaps today's decision turns on the court's determination that "the statements did not bear on the defendant's guilt." Whatever the court's reasoning, defining clear boundaries is especially important when addressing an issue for the first time, lest the court blur the lines and lead readers into error. Whether Rule 605 applies in the context presented in today's case appears to be a question of first impression in Texas. Readers should not have to struggle to discern the basis for today's Rule 605 pronouncement.

No party has raised Rule 605 in this appeal or in the trial court. Because appellant does not argue that the trial judge violated Rule 605, this court need not address the issue today.[12] But, because the majority chooses to do so, readers would be best served by an analysis of the text of Rule 605 and the jurisprudence from the Court of Criminal Appeals to determine whether the rule applies to the proceeding the trial judge conducted following the lunchroom episodes he witnessed between and among appellant and various jurors.

If, as the majority concludes in footnote 1 of its opinion, Rule 605's express prohibition on a presiding judge's testimony during trial does not encompass the judge's conduct, then the majority should explain why. Likewise, because the majority plows new ground in pronouncing the conduct "outside the rule," the court should articulate why a judge making eyewitness statements from the bench

---

[12] The majority correctly concludes that the trial judge's comments do not rise to the level of fundamental error. The record in today's case does not show a basis for disqualification of the trial judge. *See* Tex. Const. art. V, §11; *Kemp v. State*, 846 S.W.2d 289, 305–06 (Tex. Crim. App. 1992). Appellant did not move to recuse the trial judge. *See Arnold v. State*, 853 S.W.2d 543, 544–45 (Tex. Crim. App. 1993).

4

in the presence of jurors during trial does not violate the rule.

Answering the Rule 605 question is not necessary to dispose of today's case. Preferring to leave the determination for another day and another case (one in which the issue is both raised and briefed), I respectfully decline to join the majority opinion, but I concur in the court's judgment.


/s/      Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown (Brown, J., majority).
Publish — TEX. R. APP. P. 47.2(b).

5