Opinion issued August 30, 2018



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00404-CR

_____

**ANGELA A. LARA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 08-DCR-048501

## MEMORANDUM OPINION

Appellant Angela A. Lara attempts to appeal an interlocutory order signed May 10, 2018, denying her motion to recuse the trial judge in a post-conviction habeas corpus proceeding. We dismiss the appeal for want of jurisdiction.

In April 2018, appellant filed a third post-conviction application for a writ of habeas corpus in the trial court, along with a motion to recuse the trial judge. The trial judge declined to recuse himself and referred the motion to Judge Susan Brown, presiding judge of the Eleventh Administrative Judicial Region of Texas. Judge Brown denied the recusal motion. On May 21, 2018, appellant filed a notice of appeal from the order denying her motion to recuse.

The State moved to dismiss the appeal for want of appellate jurisdiction. The procedures for recusal of judges, in both civil and criminal cases, is set out in Texas Rule of Civil Procedure 18a. *See Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). An order denying a motion to recuse is reviewable only on appeal from a final judgment. *See* TEX. R. CIV. P. 18a(j). This rule does not permit an appeal of an interlocutory order denying a recusal motion. *See Neveu v. State*, No. 01–14–00638–CR, 2014 WL 4890720, at *1 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, no pet.) (mem. op., not designated for publication). This court has jurisdiction to hear appeals from interlocutory orders only in narrow circumstances not present here. *See id.*; *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no writ) (dismissing for lack of jurisdiction appeal from interlocutory order denying recusal motion).

Moreover, appellant's felony conviction is final. *See Lara v. State*, No. 01–09–00763–CR, 2010 WL 4484346 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010,

2

no pet.) (mem. op., not designated for publication). This court has no jurisdiction over an appeal from an order denying a recusal motion in a post-conviction proceeding. *See Hamid v. State*, Nos. 01–12–00141–CR & 01–12–00142–CR, 2012 WL 1564332, at \*1–2 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction because only Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings).

Accordingly, the State's motion to dismiss is granted. This appeal is dismissed for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.
Do not publish. TEX. R. APP. P. 47.2(b).