

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00067-CR

JAY ANTHONY NOTTINGHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 27,150-B, Honorable David L. Gleason, Presiding

March 31, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Jay Anthony Nottingham, proceeding pro se, appeals an order denying his motion to recuse or disqualify the trial court judge. Now pending before this Court is the State's motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

Appellant was indicted on two counts of robbery in 2016. Those charges were later dismissed by the trial court, upon motion of the State, in 2017. In 2019, appellant filed a motion to recuse or disqualify the Honorable John B. Board as the trial court judge

even though no criminal case was pending against appellant. The administrative judge assigned the Honorable David L. Gleason to preside over the motion to recuse or disqualify. Judge Gleason denied the motion as moot and this appeal followed.

Generally, we have jurisdiction to consider an appeal by a criminal defendant only from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *Abbott v. State*, 271 S.W.3d 694, 697 n.8 (Tex. Crim. App. 2008). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by statute. *Ragston v. State*, 424 S.W.3d 49, 51-52 (Tex. Crim. App. 2014). *See also* TEX. R. APP. P. 25.2(a)(2) (providing that a criminal defendant has the right to appeal a judgment of guilt or other appealable order).

An order denying a motion to recuse or disqualify the trial court judge is neither a final judgment nor an order made immediately appealable by statute. *Muhammad v. State*, No. 08-18-00125-CR, 2018 Tex. App. LEXIS 6206, at *1-2 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication); *Hranicky v. State*, No. 01-11-00557-CR, 2013 Tex. App. LEXIS 5233, at *2-3 (Tex. App.—Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (mem. op., not designated for publication). Therefore, we lack jurisdiction over an interlocutory appeal from such an order. *Id.* We may review the denial of a motion to recuse or disqualify only on appeal from the final judgment rendered in the case or by mandamus. *See Muhammad*, 2018 Tex. App. LEXIS 6206, at *2; TEX. R. CIV. P. 18a(j) (expressly limiting appellate review to the appeal from the final judgment or by mandamus); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that recusals in criminal cases are governed by Rule of Civil Procedure 18a).

Accordingly, we do not have jurisdiction to review the order denying appellant's motion to recuse or disqualify the trial court judge.  Appellant has filed a response to the State's motion to dismiss but failed to demonstrate grounds for continuing the appeal.

We, therefore, grant the State's motion and dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.