

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-72,702-03**

**In re MELISSA ELIZABETH LUCIO, Relator**

**ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS,
PETITION FOR WRIT OF MANDAMUS, AND MOTION TO STAY THE
EXECUTION IN CAUSE NO. 07-CR-885-B
IN THE 138TH JUDICIAL DISTRICT COURT
CAMERON COUNTY**

*Per curiam*.

**O P I N I O N**

We have before us a motion for leave to file a petition for a writ of mandamus and a petition for a writ of mandamus. Relator has also filed a motion to stay her execution.

In July 2008, a jury convicted Relator of the February 2007 capital murder of her two-year-old daughter. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, the trial court sentenced Relator to death. This Court affirmed Relator's conviction and sentence on direct appeal. *Lucio v. State*, 351 S.W.3d 878 (Tex. Crim. App. 2011). We

also denied relief on Relator's initial post-conviction writ of habeas corpus application. *Ex parte Lucio*, No. WR-72,702-02 (Tex. Crim. App. Jan. 9, 2013) (not designated for publication).

The Respondent, the Honorable Gabriela Garcia, Judge of the 138th Judicial District Court, subsequently scheduled Relator's execution for April 27, 2022. On March 21, 2022, Relator filed the pleadings currently before us. In her mandamus petition, Relator asserts that she has filed a motion to recuse or disqualify Respondent, but Respondent has failed to timely rule on the motion as Texas Rule of Civil Procedure 18a requires.[1] Because Respondent has refused to rule on the motion or refer it to the regional presiding judge, Relator contends, this Court should compel Respondent to act in accordance with Rule 18a.

On April 4, 2022, we gave the State and Respondent the opportunity to respond to the petition by Monday, April 11, 2022. *In re Lucio*, No. WR-72,702-03 (Tex. Crim. App. Apr. 4, 2022) (not designated for publication). Only the State filed a response.

A relator is entitled to mandamus relief against a trial court when (1) the relator has no other adequate legal remedy and, (2) the act sought to be compelled is purely ministerial. *In re State ex rel. Ogg*, 618 S.W.3d 361, 363 (Tex. Crim. App. 2021).

Texas Rule of Civil Procedure 18a(f), titled "Duties of the Respondent Judge; Failure to Comply," states:

---

[1] Texas Rule of Civil Procedure 18a is applicable to criminal cases. *See Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

(1) Responding to the Motion. Regardless of whether the motion complies with this rule, the respondent judge, within three business days after the motion is filed, must either:

> (A) sign and file with the clerk an order of recusal or disqualification; or

> (B) sign and file with the clerk an order referring the motion to the regional presiding judge.

In *De Leon v. Aguilar*, this Court held:

> When a recusal motion is timely filed, Rule 18a leaves a trial judge with no discretion–the trial judge must either recuse himself or refer the motion for another judge to decide. See Rule 18a(c). [Footnote omitted.] Any criminal cases to the contrary such as *McClenan* are overruled. Rule 18a does not contemplate that a trial judge whose impartiality is questioned can nevertheless determine whether the allegations of bias against him state sufficient grounds for recusal.

*De Leon*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).[2] Thus, Relator has shown that the act sought to be compelled is purely ministerial. Further, Rule 18a(f)(3) is titled "Failure to Comply" and it states that, "If the respondent judge fails to comply with a duty imposed by this rule, the movant may notify the regional presiding judge." But this language does not impose any duty upon the regional presiding judge or the respondent judge. Therefore, we find that it is not an adequate remedy at law and Relator has no other adequate remedy at this time.

Consequently, we conditionally grant mandamus relief. The writ of mandamus will

---

[2] Similarly, this Court has held that a trial court has a ministerial duty to rule upon a "properly filed and timely presented motion[.]" *See In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015).

issue only in the event that Respondent fails to comply with this opinion within three days of the date of this opinion.  Relator's motion to stay her execution is denied.

Delivered:           April 25, 2022
Do Not Publish