

## IN THE
## TENTH COURT OF APPEALS

### No. 10-22-00014-CR

**JOSEPH THOMAS SNIDER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court
Freestone County, Texas
Trial Court No. 20-046CR**

### MEMORANDUM OPINION

Joseph Thomas Snider was convicted of Tampering with Evidence and sentenced to 18 years in prison. *See* TEX. PENAL CODE § 37.09. Because the trial court did not err in denying Snider's motion to suppress, the trial court's judgment is affirmed.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189-90 (Tex. Crim. App. 2018); *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016). We afford almost total deference to a trial court's findings of historical fact and determinations of mixed

questions of law and fact that turn on credibility and demeanor if they are reasonably supported by the record. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020). We review de novo a trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). When the trial court does not make explicit findings of fact, as in this case, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Lerma*, 543 S.W. 3d at 190. The trial court's ruling will be sustained if it is correct on any applicable theory of law and the record reasonably supports it. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019).

Snider argued in his motion to suppress[1] that the search warrant was invalid because the judge who signed the search warrant "would likely be" disqualified or recused from the case because of her familial relationship with the County Attorney and thus, his argument continued, was not a neutral and detached magistrate when signing the search warrant. For support of this argument, Snider relied on Rule 18b of the Texas Rules of Civil Procedure.[2]

Snider is correct that, pursuant to Rule 18b, a judge would be subject to recusal "in any proceeding in which" "a person within the first degree of relationship" to the judge

---

[1] Snider made the same argument in an amended motion to suppress filed several months later and added another reason for suppression: lack of probable cause. The trial court denied the motion on both grounds. Snider does not appeal the trial court's ruling on Snider's no probable cause complaint.

[2] Rule 18a applies to criminal cases absent any explicit or implicit legislative intent indicating otherwise. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

"is acting as a lawyer in the proceeding."[3] Tex. R. Civ. P. 18b(b)(8). There is no dispute that the County Attorney is within the first degree of relationship to the judge. However, at the time the search warrant was signed, there was no "proceeding" from which to recuse. A proceeding is defined in the Rule as "pretrial, trial, or other stages of litigation." *Id*. (d)(1). Litigation, although not defined in the Rule, means "the process of carrying on a lawsuit" or a "lawsuit itself." Black's Law Dictionary, p. 1017 (9th ed. 2009). At the time this search warrant was signed, there was no evidence in the record that a lawsuit against Snider was being carried on. Thus, there was no litigation and no proceeding. Consequently the judge was not "likely" to be recused. Likewise, the judge was not "likely" to be disqualified at the time the search warrant was signed because there was no proceeding.

Snider presented no other authority to the trial court or to this Court that the judge, in this specific situation, would be recused or disqualified prior to signing the warrant in this case. Further, Snider presented no caselaw or evidence to suggest that, without disqualification or recusal, the judge was not a neutral or detached magistrate when signing the search warrant. Snider cited to several cases in other jurisdictions including cases where warrants issued were held to be invalid because the magistrate acted as law enforcement in either investigating the criminal action prior to the warrant's issuance or participated in the warrant's execution, the warrant was requested by the magistrate's

---

[3] A timely filed recusal motion triggers the trial judge's duty to recuse or to refer. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004). The trial judge has no such duty when a recusal motion is not timely filed. *Id*. No recusal, or disqualification, motion was filed in the underlying case.

law partner, or the magistrate had a financial interest in issuing warrants. There is nothing in the record to show that any of these fact scenarios were present in this case. The only fact presented, and the trial court took judicial notice of, was that the judge signing the warrant and the County Attorney were related.[4] Snider cited to no cases, and we have found none, where a familial relationship between a judge and a county attorney, standing alone, invalidates a warrant. Accordingly, the trial court did not err in denying Snider's motion to suppress.

Snider's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed February 8, 2023
Do not publish
[CR25]



---

[4] The judge signing the warrant and the judge hearing the motion to suppress were not the same trial court judge.