**Opinion issued March 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00690-CV

————————————

## IN RE COMMITMENT OF RICHARD A. DUNSMORE

———

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 84023-CV**

———

## MEMORANDUM OPINION

Richard A. Dunsmore, proceeding pro se, filed a notice of appeal challenging the trial court's order (1) refusing Dunsmore's request for voluntary recusal and (2) referring Dunsmore's recusal motion to the presiding judge of the administrative judicial region. Appellee, the State of Texas, has filed a motion to dismiss the appeal for lack of jurisdiction. We grant the State's motion to dismiss.

## Discussion

The State's motion to dismiss asserts that we lack jurisdiction over the appeal because (1) the order is interlocutory and an appeal is not authorized; and (2) Dunsmore is a vexatious litigant subject to a pre-filing order and failed to obtain the required authorization to pursue this appeal. We agree on both grounds.

### *The Order Is Not Appealable*

Dunsmore filed a notice of appeal challenging the trial court's interlocutory order (1) denying Dunsmore's request for voluntary recusal and (2) referring Dunsmore's recusal motion to the presiding judge of the administrative judicial region. The clerk's record demonstrates that the administrative judge subsequently issued an order denying Dunsmore's recusal motion.

The procedures for recusal of judges, in both civil and criminal cases, are set out in Texas Rule of Civil Procedure 18a. *See Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). An order denying a motion to recuse is reviewable only on appeal from a final judgment. *See* TEX. R. CIV. P. 18a(j). This rule does not permit an appeal of an interlocutory order denying a recusal motion. S*ee Neveu v. State*, No. 01–14–00638–CR, 2014 WL 4890720, at *1 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, no pet.) (mem. op., not designated for publication). This Court has jurisdiction to hear appeals from interlocutory orders only in narrow circumstances not present here. *See id.; Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston

[1st Dist.] 1992, no writ) (dismissing for lack of jurisdiction appeal from interlocutory order denying recusal motion).

Accordingly, because the interlocutory order Dunsmore seeks to appeal is not one for which an appeal is authorized, we lack jurisdiction over the appeal.

### *The Appeal Lacks Necessary Approval for Vexatious Litigant*

We further lack jurisdiction because Dunsmore has been declared a vexatious litigant and did not receive the necessary approval to file the appeal.

"A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing . . . that the person is a vexatious litigant." TEX. CIV. PRAC. & REM. CODE § 11.101(a). A vexatious litigant order signed by a district court applies to every court in the State of Texas. *Id.* § 11.101(e).

Dunsmore was declared a vexatious litigant and is the subject of a pre-filing order signed on December 12, 2018, in *In re Commitment of Richard A. Dunsmore*, Cause No. 84023-CV in the 412th District Court of Brazoria County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to Pre-Filing Orders under Section 11.101, Civil Practice and Remedies Code, available at https://www.txcourts.gov/judicial-data/vexatious-litigants (list last updated

3

February 8, 2023); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring Office of Court Administration to maintain and post list of vexatious litigants on agency's website); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a pre-filing order unless (1) the litigant first obtains an order from the local administrative judge permitting the filing, or (2) the appeal is from a pre-filing order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a). Here, Dunsmore is not appealing from a pre-filing order designating him a vexatious litigant and the record does not contain an order from the local administrative judge permitting the filing of this appeal. Accordingly, we lack jurisdiction over the appeal.

## Conclusion

For the foregoing reasons, we grant the State's motion and dismiss this appeal for want of jurisdiction. We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Landau, Countiss, and Guerra.