

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00110-CR

IN RE JEREMY WAYNE ATKINS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator Jeremy Wayne Atkins has filed a second pro se petition for a writ of mandamus asking this Court to compel the Honorable Alfonso Charles, presiding judge over the Tenth Administrative Judicial Region, to vacate his order denying Atkins's motion to recuse the Honorable Keli Aiken of the 354th Judicial District Court of Hunt County, Texas.[1]  We deny Atkins's petition.

## I.	Discussion

Atkins has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").  To do so, "he must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision."  *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Atkins asks this Court to vacate Judge Charles's order denying his motion to recuse Judge Aiken.  "An order denying a motion to recuse may be reviewed only for an abuse of discretion on appeal from the final judgment."  TEX. R. CIV. P. 18a(j)(1)(A);[2] *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012).  Because Atkins has an adequate remedy at law

---

[1]According to Atkins, Judge Aiken presides over his Hunt County criminal case.

[2]*See Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that TEX. R. CIV. P. 18a "applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise.'" (quoting *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004) (orig. proceeding))).

through which to seek his requested relief, we deny his petition for mandamus relief. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding) (holding that a writ of mandamus is not available to address the denial of a motion to recuse and that appellate court can cure any harm by "revers[ing] the trial court's judgment and remand[ing] for a new trial before a different judge").

## II.    Conclusion

Accordingly, we deny Atkins's petition for a writ of mandamus.


Scott E. Stevens
Chief Justice


Date Submitted:     July 25, 2025
Date Decided:       July 28, 2025

Do Not Publish